UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

*******************************************
\*
Jack Harrington,                                                  \*
       Plaintiff                                              \*
                                          \* C.A. #1:25-cv-407
v.                                                                       \*
                                          \*
Jennifer Crawford, as Superintendent of                  \*
Hillsboro-Deering Cooperative School District            \*
and School Administrative Unit #34,                        \*
James O'Rourke, as Principal of Hillsboro-Deering   \*
High School,                                                           \*
Brian McGinn, as Vice Principal of                           \*
Hillsboro-Deering High School, and                          \*
Michael DeTurris, as School Resource Officer           \*
of Hillsboro Police Department,                                \*
       Defendants                                                        \*
                                            \*
*****************************************

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

The Defendants answer Plaintiff's Complaint as set forth below and requests a jury trial in this matter. To the extent not expressly admitted here, Defendant denies the allegations in the Complaint.

**INTRODUCTION**

1. To the extent that paragraph one of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied

2. Defendants deny that their actions on April 24, 2025 were based solely upon Plaintiff's status as a firearm owner. Defendants admit that they removed Plaintiff from class. Defendants deny that they subjected Plaintiff to a "coercive interrogation." Defendants admit

that Plaintiff's parents and attorney were not present when they questioned Plaintiff about whether he had a firearm in his vehicle located on school property and their request to search the glove box.  Defendants admit that they requested permission to search the Plaintiff's glove box for firearms.  Any allegation contained in this paragraph not specifically admitted here is denied.

       3.       Defendants deny that Plaintiff did not consent to a limited search of the glove box of his vehicle to determine if it contained a firearm.  The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that Plaintiff's parents did not consent to this search.  Defendants deny that they "interrogated" Plaintiff (at least as that term is defined in the Complaint).[1]  Defendants deny that their limited search of Plaintiff's glove box was an "Illegal Search."[2]  Defendants deny that Plaintiff refused consent to the limited search.  Defendants admit that Vice Principal McGinn did perform a limited search of Plaintiff's glove box, and confirmed that it did not contain a firearm.  The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation regarding the location of Plaintiff's firearm at the time of the limited search.

       4.       Defendants deny that the limited search was "illegal" and that the search was based "solely on their believe that Jack was a lawful gun owner."

       5.       Denied.

       6.       Denied.

---

[1] Plaintiff's Complaint goes on to use the word "Interrogation" 25 additional times, each referring back to the Plaintiff's definition of that word in paragraph two of the Complaint.  Wherever that term is used in the Complaint, Defendants deny that they conducted an Interrogation as defined.

[2] Plaintiff's Complaint goes on to use the phrase "Illegal Search" 37 additional times, each referring back to the Plaintiff's definition of that phrase in paragraph two of the Complaint.  Wherever that term is used in the Complaint, Defendants deny that they conducted an Illegal Search as defined.

7. To the extent that paragraph seven of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied

8. To the extent that paragraph eight of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied

9. To the extent that paragraph nine of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

**PARTIES**

10. Admitted as to first sentence. To the extent that the second sentence of paragraph ten of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied. Third sentence is admitted as to Plaintiff's age, but Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the rest of the third sentence and in the fourth sentence.

11. Admitted.

12. Admitted.

13. Admitted.[3]

14. To the extent that paragraph fourteen of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

**JURSIDICTION AND VENUE**

15. To the extent that paragraph fifteen of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

---

[3] Defendants note that the Complaint misspells the name of the subject municipality- it is spelled "Hillsborough."

16. To the extent that paragraph sixteen of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

17. To the extent that paragraph seventeen of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

18. To the extent that paragraph eighteen of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

## LEGAL BACKGROUND

19. To the extent that paragraph nineteen of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

20. This paragraph is a statement of law to which no response is required.

21. This paragraph is a statement of law to which no response is required.

22. This paragraph is a statement of law to which no response is required.

23. This paragraph is a statement of law to which no response is required.

24. This paragraph is a statement of law to which no response is required.

## FACTUAL ALLEGATIONS

25. Admitted insofar as the paragraph alleges that while on a school bus, Plaintiff told another student that when he was stopped by the police, he had a firearm in the glove box of his vehicle. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

26. Denied that Defendants became aware of the above comment by Plaintiff prior to April 24, 2025. By way of further answer, on the morning of April 24, 2025, the school's Athletic Director advised Defendants of the comments made on the bus the previous day.

27. Defendants admit the first sentence only insofar as it alleges that Plaintiff told his teammates that he kept a firearm in his glove box. Second sentence is denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in this paragraph.

28. To the extent that paragraph twenty-eight of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

29. Defendants deny that they "interrogated" Plaintiff (at least as that term is defined in the Complaint). Defendants deny that they engaged in an "illegal search." Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

30. To the extent that paragraph thirty of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

31. Admitted as to the first sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

32. Defendants admit that Defendant McGinn asked Plaintiff to leave the classroom. Defendants deny the remaining allegations.

33. Denied.

34. Denied that Plaintiff was asked whether he was a gun owner. Admitted to the extent that Defendants questioned Plaintiff about whether he had a firearm in his vehicle on school property. Any other allegations are denied.

35. Admitted that Defendants O'Rourke, McGinn & DeTurris were with Plaintiff for approximately thirteen minutes in McGinn's office. Any other allegations are denied.

5

36. Denied.

37. Denied.

38. Denied.

39. To the extent that paragraph thirty-nine of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

40. To the extent that paragraph forty of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

41. Denied.

42. To the extent that paragraph forty-two of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

43. To the extent that paragraph forty-three of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

44. Defendants admit that Plaintiff called his parents from McGinn's office in the presence of O'Rourke, McGinn & DeTurris. Denied that Plaintiff's phone was on "speaker" mode, though Defendants could hear some of the conversation. Defendants deny that they "interrogated" Plaintiff (at least as that term is defined in the Complaint). Any other allegations are denied.

45. Denied that the call was on speakerphone. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

6

47. Denied that DeTurris directed Plaintiff to end the call. Admitted that this was a school issue not a criminal one.

48. To the extent that paragraph forty-eight of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

49. Admitted insofar as Plaintiff initially refused to consent to the search. Denied as to the implication that Plaintiff never gave consent. Defendants deny that they "interrogated" Plaintiff (at least as that term is defined in the Complaint).

50. Defendants deny that they "interrogated" Plaintiff (at least as that term is defined in the Complaint). Otherwise admitted.

51. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Defendants deny that they "interrogated" Plaintiff (at least as that term is defined in the Complaint).

52. Denied.

53. Admitted that Defendants O'Rourke, McGinn & DeTurris accompanied Plaintiff to the parking lot so that McGinn could conduct the limited search of the Plaintiff's glove box with Plaintiff's consent. Any other allegations are denied.

54. Denied.

55. Denied.

56. Denied.

57. Defendants deny that they engaged in an "illegal search." To the extent that paragraph fifty-seven of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

58. Defendants deny that they engaged in an "illegal search." Admitted that Plaintiff's father arrived on school grounds after the limited search concluded. Denied as to the remaining allegations.

59. To the extent that paragraph fifty-nine of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

60. Admitted that Plaintiff's father sent a communication on or about April 25, 2025, the content of which speaks for itself. Any other allegations are denied.

61. To the extent that paragraph sixty-one of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

62. Admitted as to Superintendent Crawford's use of the word "view." Denied as to the remainder of the allegations.

63. Admitted that Superintendent Crawford sent Plaintiff's father correspondence on or about May 13, 2025, the content of which speak for itself. Any other allegations are denied.

64. To the extent that paragraph sixty-four of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied. Defendants deny that they "interrogated" Plaintiff (at least as that term is defined in the Complaint).

65. The allegations in this paragraph are statements of law to which no response is required.

66. The allegations of this paragraph are statements of law to which no response is required.

67. The allegations of this paragraph are statements of law to which no response is required.

68.     The allegations of this paragraph are statements of law to which no response is required.

69.     The allegations of this paragraph are statements of law to which no response is required.

**CLAIM FOR RELIEF**

70.     To the extent that paragraph seventy of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

71.     To the extent that paragraph seventy-one of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

72.     To the extent that paragraph seventy-two of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

73.     To the extent that paragraph seventy-three of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

74.     To the extent that paragraph seventy-four of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

75.     To the extent that paragraph seventy-five of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

76.     To the extent that paragraph seventy-six of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

77.     To the extent that paragraph seventy-seven of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

78.     Denied.

79. To the extent that paragraph seventy-nine of the Complaint makes any allegations requiring a response of Defendants, those allegations are denied.

80. Defendants deny that they coerced Plaintiff to permit them a limited search of his glove box. To the extent that paragraph eighty of the Complaint makes any other allegations requiring a response of Defendants, those allegations are denied.

81. To the extent that paragraph eighty-one makes any allegations requiring a response, the allegations are denied. By way of further answer, Defendants had a reasonable suspicion that Plaintiff may have had a gun in the glove box of his vehicle based on his prior comment that the glove box is where he kept his gun.

82. To the extent that paragraph eighty-two makes any allegations requiring a response, the allegations are denied. By way of further answer, Defendants had a reasonable suspicion that Plaintiff may have had a gun in the glove box of his vehicle based on his prior comment that the glove box is where he kept his gun.

83. To the extent that paragraph eighty-three makes any allegations requiring a response, the allegations are denied.

84. To the extent that paragraph eighty-four makes any allegations requiring a response, the allegations are denied.

85. To the extent that paragraph eighty-five makes any allegations requiring a response, the allegations are denied.

86. To the extent that paragraph eighty-six makes any allegations requiring a response, the allegations are denied.

87. The allegations of this paragraph are statements of law to which no response is required.

88. The allegations of this paragraph are statements of law to which no response is required.

89. The allegations of this paragraph are statements of law to which no response is required.

90. The allegations of this paragraph are statements of law to which no response is required.

91. The allegations of this paragraph are statements of law to which no response is required.

92. The allegations of this paragraph are statements of law to which no response is required.

93. The allegations of this paragraph are statements of law to which no response is required.

**AFFIRMATIVE DEFENSES**

A. Defendants deny that their actions were based on anything other than "reasonable suspicion."

B. The scope of Defendants' search was limited and conducted in a manner reasonably related to the circumstances.

C. Plaintiff provided knowing consent to the limited search.

D. Defendants are entitled to qualified immunity.

E. Defendant reserves the right to add to or amend these defenses as discovery proceeds.

Hillsboro-Deering School District, et al
By their attorneys,
Friedman Feeney Getman, PLLC

| | |
|---|---|
| /s/ Christine Friedman, NH Bar No. 8780<br>Christine Friedman<br>Friedman Feeney Getman, PLLC<br>95 N. State Street, Suite 5<br>Concord, NH 03301<br>chris@friedmanfeeney.com<br>603-736-7683 | Dated: December 9, 2025 |

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of this pleading was served on all parties and counsel of record electronically through ECF.

| | |
|---|---|
| /S/ Christine Friedman<br>Christine Friedman | Dated: December 9, 2025 |