**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**


Jack Harrington


    v.

                                Case No.   25-cv-407-JL-AJ

Crawford et al


## <u>PROCEDURAL ORDER ON SUMMARY JUDGMENT</u>

The court has reviewed the parties' **May 8, 2026** stipulation as to elements, claims, and defenses **(doc. 19).**

The purpose of this order (and the parties' stipulation, **doc. 19**) is to isolate the dispositive elements on which summary judgment consideration turns, and to require the parties to provide and cite admissible record evidence regarding those elements that will either support or preclude summary judgment**.**

**Summary judgment motions.** Any motion for summary judgment or partial summary judgment under Rule 56 shall "identify each claim or defense — or the part of each claim or defense — on which summary judgment is sought." Fed. R. Civ. P. 56(a). Identification of each claim or defense shall include providing its elements, meaning the legal requirements to prove the disputed claim or defense, as stipulated in **doc. 19**.

The motion or supporting memorandum shall be <u>organized by element</u>. Specifically, the motion or supporting memorandum shall designate and address <u>each disputed[1] element</u> of each claim or defense with respect to which the movant claims "there is no genuine issue of material fact," thus demonstrating the movant is entitled to judgment as a matter of law.

<u>Under each such element</u>, the motion or supporting memorandum shall cite with specificity the admissible undisputed record evidence that the movant claims renders the element of the claim or defense not subject to genuine dispute as to any material fact.

**Objections.** Any response or objection to such a motion shall be similarly organized and formatted to correspond to the disputed elements of claims or defenses on which the motion is based, citing with specificity the admissible record evidence that establishes a genuine dispute as to any material facts that preclude a finding that the movant is entitled to judgment as a matter of law on that claim or defense.

---

[1]The movant need not address elements of claims and defenses which the movant does not contest for the purposes of summary judgment. Not addressing an element at summary judgment does not constitute a waiver of the right to contest the element at trial.

**Statement of facts**. The short and concise statement of facts filed by any movant under Local Rule 56.1(a) may be limited to undisputed material facts with respect to which a party claims that there is no genuine dispute.

The short and concise statement of facts filed in response or objection to a motion under Local Rule 56.1(b) may be limited to those that establish genuine dispute(s) regarding material facts that preclude summary judgment.

Neither parties' statement of facts is required to provide a fully comprehensive overview of all facts and circumstances giving rise to the litigation. Nor is such an overview prohibited. But the court re-emphasizes that the purpose of this order and procedure is to isolate and focus the parties', counsel's, and the court's attention on the facts and law necessary to decide the motion. Counsel and parties shall proceed accordingly.

SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

Date:   May 11, 2026

cc: Counsel of Record